Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1397 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Stanley Wofford (#2010-0520108) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $2.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The Clerk shall also issue summonses for the named-Defendants and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Court appoints Clinton Jud Ind of Gardiner Koch Weisberg & Wrona, 53 West Jackson Blvd., Suite 950, Chicago, Illinois 60604, (312) 362-0000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Plaintiff's motion for a preliminary injunction [4] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Stanley Wofford, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on September 20, 2010, he submitted a request form to receive dental care for a severe toothache. Plaintiff was not seen by a dentist until October 12, 2010. Dr. Liu did not x-ray the tooth but put a filling in the tooth, causing Plaintiff further pain and the spread of an infection. Plaintiff continued having problems with the tooth and requested more treatment. On December 27, 2010, Plaintiff finally received an x-ray of his tooth and was informed by Dr. Liu that he had an infection and required a root canal. However, Dr. Liu told Plaintiff that all that could be done was to extract the tooth because Cook County Jail does not provide root canals. He also informed Plaintiff that if he did not agree to the extraction, the infection would spread. Plaintiff refused the extraction.

Plaintiff also sought dental treatment for a chipped tooth that caused him pain. Plaintiff was seen by Dr. Liu who told Plaintiff he needed a "white filling." However, Dr. Liu told Plaintiff he could not receive the white filling. The denial of proper dental care has caused Plaintiff to develop an infection that has spread and developed into an abscess.

| STATEMENT |
|---|

Plaintiff continues to receive improper dental care and suffers from severe pain that affects his ability to eat. He further alleges that Cook County Jail and Cermak Health Service administration is aware of the inadequate dental care received by detainees and that they fail to remedy the situation. He alleges that inadequate dental care results from the policies and practices put into place by the administrators. The named-Defendants must respond to the complaint.

The United States Marshals Service is appointed to serve the named-Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

In light of the seriousness of the allegations, counsel is appointed. The Court appoints Clinton Jud Ind of Gardiner Koch Weisberg & Wrona, 53 West Jackson Blvd., Suite 950, Chicago, Illinois 60604, (312) 362-0000, as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Lastly, Plaintiff has moved for a preliminary injunction. Plaintiff seeks immediate dental care and an end to the practice of denying and/or delaying dental treatment. Plaintiff's motion is denied without prejudice to counsel raising the issue after reviewing the case and the Defendants have been served. The Court is reluctant to interfere with the day-to-day operation of the jail. *See Russ v. Young*, 895 F.2d 1149, 1152 (7th Cir. 1990).